UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

DANIEL L. GORDON,

             Plaintiff,

- against -

THE UNITED STATES OF AMERICA

             Defendant.

------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

08 Civ. 7507 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION

Daniel Gordon brought an action in this Court for a refund of federal income taxes, plus interest, that the Internal Revenue Service ("IRS") collected from him for the 2003 tax year. This Court found, inter alia, that Gordon is entitled to a tax deduction for overpayment in 2003, but if he has outstanding tax liability that the government can offset with his overpayment, then he is not entitled to a tax refund. Angela Tese-Milner, Gordon's bankruptcy trustee, now moves to substitute herself as plaintiff and for payment of a tax refund. For the reasons discussed below, Tese-Milner's motion is granted in part and denied in part.

## II.   BACKGROUND

On August 25, 2008, Gordon sued the United States seeking, inter alia, a refund based on overpayment of federal income taxes that the IRS collected from him for the 2003 tax year.[1] On December 8, 2009, this Court granted partial summary judgment to Gordon and partial summary judgment to the Government.[2] The Court held that "Gordon is entitled to a tax deduction for $106,584.67 . . . plus interest."[3] A deduction in this amount is calculated to result in an overpayment (and potential refund) of $11,885.00.[4]

The opinion made clear that although Gordon is entitled to a tax deduction, he may not necessarily be entitled to a tax refund because if Gordon has existing unpaid tax liabilities, the Government may use the overpayment to offset the outstanding liabilities.[5] This Court found that Gordon had no outstanding tax liability for the 2000 and 2003 tax years,[6] but found an issue of fact as to whether

---

[1]   See *Gordon v. United States*, No. 08 Civ. 7507, 2009 WL 4756503, at *1 (S.D.N.Y. Dec. 8, 2009).

[2]   See *id*.

[3]   *Id*. at *7.

[4]   See Government's Memorandum in Opposition to Tese-Milner's Motion ("Opp. Mem.") at 3.

[5]   See *Gordon*, 2009 WL 4756503, at *8.

[6]   See *id*. at *7.

Gordon has outstanding liability for any other tax year.[7] It is undisputed that Gordon's tax liabilities for the 2001 and 2002 tax years are currently the "subject of litigation now stayed in the Tax Court."[8]

On October 19, 2009, Gordon filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").[9] On December 7, 2009, he appointed Tese-Milner as permanent trustee of his bankruptcy estate.[10] Tese-Milner has now moved for an order substituting herself as plaintiff in Gordon's litigation before this Court and directing the Government "to pay the refund to the bankruptcy estate."[11] The Government only opposes the motion "to the extent [Tese-Milner] seeks an order directing the payment of a refund at this time."[12]

## III. APPLICABLE LAW

### A. Rule 17(a) Plaintiff Substitution in Bankruptcy Proceedings

---

[7] *See id.* at *8.

[8] Gordon's Reply Memorandum at 2; *see* Opp. Mem. at 7.

[9] *See* Memorandum of Law of Tese-Milner in Support of Motion Substituting Plaintiff and for Payment of Tax Refund ("Tr. Mem.") at 2; Opp. Mem. at 3.

[10] *See* Tr. Mem. at 2.

[11] *Id.* at 4.

[12] Opp. Mem. at 3.

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest."[13] "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."[14]

Upon commencement of bankruptcy proceedings, "all legal or equitable interests of the debtor in property" comprise the bankruptcy estate.[15] Section 323 of the Bankruptcy Code assigns the bankruptcy trustee as the "representative of the estate" and gives the trustee "capacity to sue and be sued."[16] Thus, when a debtor has filed for bankruptcy, the bankruptcy trustee becomes the real party in interest.[17]

### B. Section 6402 of the Internal Revenue Code

Section 6402 of the Internal Revenue Code ("IRC") covers the general

---

[13] Fed. R. Civ. P. 17(a).

[14] *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).

[15] 11 U.S.C. § 541(a)(1).

[16] *Id.* § 323.

[17] *See Pupo v. Chadwick's of Boston, Inc.*, No. 03 Civ. 564, 2004 WL 2480399, at *5 (S.D.N.Y. Nov. 4, 2004) (citing *Clarke v. Chase Nat'l Bank of City of New York*, 137 F.2d 797, 800–01 (2d Cir. 1943)).

procedures for tax abatements, credits, and refunds.[18] Under this section, the IRS is given the authority to use tax overpayments to set off certain debts the taxpayer owes. The "[g]eneral rule" provides that, "[i]n the case of any overpayment, the [IRS] . . . may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment . . . ."[19] When a taxpayer requests a refund based on overpayment, "the burden of proof is on the taxpayer to prove an overpayment of tax and the amount he is entitled to recover" in the form of a refund.[20]

### C.  Applicability of the Bankruptcy Code

A bankruptcy court may determine tax liabilities "whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."[21] However, the court may not determine liabilities that were "adjudicated by a judicial or administrative tribunal of competent jurisdiction before the

---

[18]  *See* 26 U.S.C. § 6402.

[19]  *Id.* § 6402(a).

[20]  *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (citations omitted).

[21]  11 U.S.C. § 505(a)(1).

commencement of the [bankruptcy case]."[22]

Section 553 of the Bankruptcy Code governs setoff rights. However, "this title does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . ."[23] Thus, Section 553 "merely preserves certain rights of setoff that exist under applicable nonbankruptcy law."[24]

If no setoff rights are present, section 362(b)(26) provides that

> in any case in which the setoff of an income tax refund is not permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of a tax liability, the governmental unit may hold the refund pending the resolution of the action . . . .[25]

## IV. DISCUSSION

### A. Tese-Milner's Motion for Substitution Is Granted

Because Gordon appointed Tese-Milner as the permanent trustee of his bankruptcy estate, Tese-Milner became the real party in interest for this

---

[22] *Id.* § 505(a)(2)(A).

[23] *Id.* § 553(a).

[24] *Pereira v. Cogan*, 267 B.R. 500, 508 (S.D.N.Y. 2001) (quotation marks omitted).

[25] 11 U.S.C. § 362(b)(26).

litigation. Therefore, pursuant to Rule 17(a), Tese-Milner is entitled to substitute herself as plaintiff.

### B. Tese-Milner's Refund Request Is Denied

#### 1. Under the IRC

Although Gordon is entitled to a tax deduction for his 2003 overpayment, he is not necessarily entitled to a refund because section 6402 allows the IRS to use Gordon's overpayment to offset any outstanding tax liability that Gordon may have.[26] This Court stated in its earlier opinion that

> in order to obtain a tax refund, Gordon has the burden of proving that the has no outstanding tax liability for any year. The record does not contain any evidence of Gordon's tax liabilities for years other than 2000 and 2003. Thus, an issue of fact remains as to whether Gordon has outstanding liabilities for other years . . . and Gordon has not proved that he is entitled to a tax refund as opposed to a tax credit.[27]

Because the determination of Gordon's 2001 and 2002 tax liabilities remains stayed in a tax court action,[28] Tese-Milner cannot, at this time, meet the burden of proving that Gordon "has no outstanding tax liability for any year."[29]

---

[26] *See Gordon*, 2009 WL 4756503, at *7.

[27] *Id.* at *8 (footnote omitted).

[28] *See supra* note 8 and accompanying text.

[29] *Gordon*, 2009 WL 4756503, at *8.


### 2. Under the Bankruptcy Code

Tese-Milner is further barred from receiving Gordon's tax refund because of Gordon's pending case in bankruptcy court. Section 553(a) of the Bankruptcy Code preserves the IRS's right under section 6402 of the IRC to offset any outstanding tax liabilities that Gordon may or may not have for the 2001 and 2002 tax years.

Additionally, Section 362(b)(26) of the Bankruptcy Code directly grants the IRS the right to retain Gordon's overpayment until all pending determinations of tax liability are finalized.[30] Thus, the IRS may hold the overpayment "either through the resumption of the [t]ax [c]ourt proceedings if the bankruptcy court so elects, or through proceedings in bankruptcy court pursuant to [section 505(a)]."[31] Either way, the IRS will be obligated to refund Gordon's overpayment only when Gordon is expressly found to have no outstanding tax liability.[32] Thus, the present motion to direct the IRS to refund the overpayment was brought prematurely.

### V.   CONCLUSION

---

[30]   *See* 11 U.S.C. § 362(b)(26).

[31]   Opp. Mem. at 9.

[32]   *See Gordon*, 2009 WL 4756503, at *8.

For the foregoing reasons, Tese-Milner's motion is granted in part and denied in part. The Clerk of Court is directed to close this motion (Docket No. 32) and substitute Tese-Milner as the plaintiff in the above-captioned adversary proceeding. This litigation is stayed until Gordon's tax liabilities for the years 2001 and 2002 are determined. The Clerk of Court is directed to place this case on my suspense docket until further notice.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 21, 2010

- Appearances -

**For Trustee:**

Michael M. Milner, Esq.
TESE & MILNER
One Minetta Lane
New York, New York 10012
(212) 475-3673

**For Defendant:**

Joseph A. Pantoja
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, New York 10007
(212) 637-2200

**For Plaintiff (Gordon):**

Kevin M. Flynn, Esq.
Usman Mohammad, Esq.
KOSTELANETZ & FINK, LLP
7 World Trade Center, 34th Floor
New York, New York 10007
(212) 808-8100